UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

KYUKA WATERS, INC., )
)
      Plaintiff, )
)
vs. ) CV 98-PT-0716-M
)
UNITED STATES FILTER CORP., et al., )
)
      Defendants. )
)

ENTERED

AUG 28 1998

## Memorandum Opinion

This cause comes on to be heard on a motion to dismiss filed by defendant Andrew T. Purmort ("Purmort") on June 15, 1998, and a motion for more definite statement and to dismiss filed by defendant Viking Water Systems, Inc., ("Viking") on June 15, 1998. In his motion, Purmort contends that he should be dismissed because the court has no personal jurisdiction over him. Viking contends that the complaint of the plaintiff, Kyuka Waters, Inc., is vague and ambiguous, and therefore requires amendment. Also, argues Viking, the plaintiff is incapable of stating a tort claim of any sort against it and the tort claims against it listed in the complaint should therefore be dismissed.[1]

The plaintiff has no duty to allege in the complaint specific facts giving rise to personal jurisdiction over a defendant, because lack of personal jurisdiction is a defense which must be raised by the defendant or

---

[1] The court has earlier granted a motion that plaintiff should amend its complaint in order to engender clarity with respect to defendants United States Filter Corporation and WAHLCO, Inc. The motion of defendant Viking is essentially the same and will be GRANTED with regard to the request that plaintiff amend its complaint. Plaintiff has, for some reason, assumed that the preliminary discovery the court allowed in its June 16, 1998 Order was of indefinite and unbounded duration. It is not. Plaintiff has been given ample time to conduct discovery to determine against whom its claim(s) lie and how its claim(s) are to be tailored. The plaintiff will be given ten (10) days in which to file its amended complaint.

it is waived. Caribbean Broadcasting System, Ltd., v. Cable & Wireless PLC, --- F.3d ---, 1998 WL 396239 at *10 (D.C. Cir. 1998) (citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982)). Personal jurisdiction becomes an issue when the non-resident defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). The defendant must file a motion to dismiss with a supporting affidavit to ostensibly show a lack of jurisdiction. Only then does the burden fall on the plaintiff to prove the existence of personal jurisdiction over the defendant. "When a district court rules on a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." OMI Holdings v. Royal Ins. Co. of Canada, --- F.3d ---, 1998 WL 348037 at *3 (10th Cir. 1998). See Francosteel Corp. v. M/V Charm, 19 F.3d at 626; In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1998); Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 ($2^{d}$ Cir. 1990). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997) (quoting Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985)). In construing the materials submitted, all inferences are to be drawn in favor of jurisdiction. Francosteel Corp. v. M/V Charm, 19 F.3d at 626; PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 ($2^{d}$ Cir. 1997). "In addition, '[w]hen there is a battle of affidavits placing different constructions on the facts, the court is inclined to give greater weight, in the context of a motion to dismiss, to the plaintiff's version. . . ,' particulalry when 'the jurisdictional questions are intertwined with the merits of the case,' as is true" in this instance. Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988).

In assessing, at this stage of the proceedings, a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court "must accept petitioner's allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

> In evaluating the sufficiency of a complaint, a court "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." St. Joseph's Hosp., 795 F.2d at 954. A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Conley v. Gibson, 355 U.S. 41, 45-46 [](1957). In seeking dismissal for failure to state a viable claim, a defendant thus bears the "very high burden" of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P., 144 F.3d 732, 735-36 (11th

Cir. 1998).

## Facts[2]

The plaintiff corporation bottles potable drinking water in Etowah County, Alabama. In the Summer of 1995, the plaintiff sought new equipment with which it could purify water and package it in three and five gallon jugs. In attempting to find a supplier of the equipment, Dr. K. Bryant Strain ("Strain"), the president of the plaintiff corporation, contacted Purmort, the president of Viking, about the purchase of a water bottling machine called a K-250 water plant, R-30 ozonator system ("system"). According to the plaintiff, prior to the sale, Purmort sent several letters, proposals and a contract to Strain in Alabama. In these assorted documents, Purmort stated that it would take Viking "about 10 weeks to build the plant" and that a "3 gallon conversion kit" was included in the sale. After the sale, production of the system ran late. In an attempt to appease the plaintiff, Purmort agreed to pay the interest on a loan taken out by the plaintiff to procure the system. The system arrived six months, rather than ten weeks, after it was ordered. In addition, it lacked the three gallon conversion kit. The interest was never paid by Viking. Finally, according to the plaintiff, the system never worked properly.

## Contentions & Analysis

On a motion to dismiss due to lack of personal jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(2), the court "first determine[s] whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process." Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997). In a diversity case, the relevant statute for determining jurisdiction is the long-arm statute(s) of the state. Sun Bank, N.A., v. E.F. Hutton & Co., Inc., 926 F.2d 1030, 1033 (11th Cir. 1991). The relevant long-arm statute is that of the State of Alabama, which allows under Alabama Rule of Civil Procedure 4.2(a)(2) assertion of jurisdiction "as far-reaching as due process permits." Ex parte Kamilewicz, 700 So.2d 340, 341 (Ala. 1997). This reduces the inquiry of the court simply to whether the assertion of personal jurisdiction

---

[2] These may or may not be the true facts. They are the facts as gleaned from the complaint and affidavits and read most favorably to the plaintiff.

over the defendant accords with due process. "In personam jurisdiction complies with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." Francosteel Corp. v. M/V Charm, 19 F.3d 624, 627 (11th Cir. 1994).

In personam jurisdiction can be either specific, if the defendant's contacts with the form directly relate to the cause of action, or general, if the contacts unrelated to the litigation are sufficiently frequent. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985). There is no real argument that general jurisdiction over Purmort exists. According to Purmort, without contradiction, he has never resided in Alabama, owned property in Alabama, transacted personal business in Alabama, possessed a bank account or assets in Alabama, maintained a business office in Alabama or even visited Alabama. The rarified business contacts that Purmort has with the state of Alabama militates against a determination that general jurisdiction should be asserted over him.

To the demonstrate the existence of specific jurisdiction, the contacts between the forum state and the defendant must satisfy three criteria:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Finally, the defendant's contacts within the forum state must be such that she should reasonably anticipate being haled into court there.

Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir. 1996). See also Pennzoil Products Company v. Colelli & Assoc., Inc., --- F.3d ---, 1998 WL 378809 at * 3 (3d Cir. 1998) and Applewhite v. Metro Aviation, Inc., 875 F.2d 491, 496 (5th Cir. 1989). Even if sufficient contacts exist, an assortment of fairness-related concerns must be assessed to determine the propriety of extending jurisdiction over the defendant.

Purmort first asserts that all acts taken by him with relation to the plaintiff were performed as an agent of Viking. This might give rise to jurisdiction over Viking, but, simply because jurisdiction might exist over Viking does not entail that the court has jurisdiction over him due to his relationship with Viking. While it is certainly the case that an agent or employee of a corporation cannot be subject to the jurisdiction of a court simply because the corporation does business in the forum state, where there is alleged personal liability of the nonresident corporate agent, personal jurisdiction can extend accordingly, if minimum contacts with the forum state exist. Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d at 852 quoting with approval Columbia Briargate Co. v. First National Bank, 713 F.2d 1052, 1064-65 (4th Cir.

1983)).

Plaintiff asserts that it does not seek to assert jurisdiction over Purmort because of Viking's actions in relation to the State of Alabama, but because of Purmort's personal acts directly linked with the claims in the instant case. The plaintiff claims that the misrepresentations of Purmort give it a claim against him personally under Alabama law and that his behavior that gave rise to the claim is sufficient to establish specific jurisdiction.

To establish that jurisdiction over Purmort exists, therefore, the court must first determine whether Purmort's acts can be attributed to him for purposes of arguably establishing a claim that is the basis for specific jurisdiction. Second, the court must determine whether the acts of Purmort are sufficient to provide personal jurisdiction. Arguably, under Alabama law, the acts of Purmort constituted fraud. "The elements of a misrepresentation claim are 1) a misrepresentation of material fact, 2) made willfully to deceive, recklessly, without knowledge, or mistakenly, 3) which was justifiably relied on by the plaintiff under the circumstances, and 4) which caused damage as a proximate consequence." Foremost Ins. Co. v. Parham, 693 So.2d 409, 422 (Ala. 1997). The averred statements of fraud are present here: Purmort misstated the time of delivery, that the conversion equipment would be attached to the system and that he would pay the plaintiff's loan interest, all facts averredly relied upon by the plaintiff in purchasing the system and not turning elsewhere for business when Viking had failed to promptly perform. As a consequence, the plaintiff asserts damages. Such an action can be maintained against Purmort under Alabama law. See United Merchants & Mfrs., Inc. v. Sanders, 508 So.2d 689, 691 (Ala. 1987).

> Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have "fair warning" that a particular activity may subject him to the jurisdiction of a foreign sovereign. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 [] (1985); Shaffer v. Heitner, 433 U.S. 186, 218 [] (1977) (Stevens, J. concurring in judgment). This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at the forum, Keeton [v. Hustler Magazine, Inc.], 465 U.S. [770], 774 [] [(1984)], and the litigation results from alleged injuries that "arise out of or relate to" those activities. Burger King, 471 U.S. at 472 [] (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 [] (1984)).
>
> Additionally, the defendant's conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there. Burger King, 471 U.S. at 474 []; World- Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 [] (1980). However,
>> the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
>
> Hanson v. Denckla, 357 U.S. 235, 253 [], reh'g denied, 358 U.S. 858 [] (1958). This requirement assures that a defendant will not be haled into a jurisdiction as a result of random, fortuitous, or

> attenuated contacts, Burger King, 471 U.S. at 475 [], Keeton, 465 U.S. at 774 [], or because of the unilateral activity of a third person. Burger King, 471 U.S. at 475 []; Helicopteros, 466 U.S. at 417 []. Jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant himself that create a "substantial connection" with the forum state. Burger King, 471 U.S. at 475 [] (quoting McGee v. International Life Ins. Co., 355 U.S. 220, 223, [](1957)). Although the concept of foreseeability is not irrelevant to this analysis, the kind of foreseeability critical to the proper exercise of personal jurisdiction is not the ability to see that the acts of third persons may affect the forum, but rather that the defendant's own purposeful acts will have some effect in the forum. See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 [] (1987).

Madara v. Hall, 916 F.2d 1510, 1516-17 (11th Cir. 1990). Purmort satisfied the "fair warning" requirement by specifically aiming his correspondence and representations to the plaintiff in Alabama, from which the present litigation sprung. Nor is there an element of surprise here. In representing the features of the object of the contract, Purmort should have realized the possible application of Alabama tort law against him for the representation. Finally, it was foreseeable that Purmort would be brought to Alabama for representations involving a contract that was to be largely performed in the state of Alabama. Further, Purmort's representations would have known consequences on Kyuka Waters in this state.

> Once it has been determined that the nonresident defendant has purposefully established minimum contacts with the forum such that he should reasonably anticipate being haled into court there, these contacts are considered in light of other factors to decide whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Burger King, 471 U.S. at 476, 105 S.Ct. at 2184 (quoting International Shoe Co., 326 U.S. at 320 []). These other factors are the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies. Burger King, 471 U.S. at 477, 105 S.Ct. at 2184; World-Wide Volkswagen, 444 U.S. at 292, 100 S.Ct. at 564. Minimum requirements of "fair play and substantial justice" may defeat the reasonableness of asserting personal jurisdiction even if the defendant has purposefully engaged in forum activities. Burger King, 471 U.S. at 477-78 []. Conversely, these considerations may serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. Id. at 477 [].

Madara v. Hall, 916 F.2d at 1517. While it would likely be inconvenient for Purmort to be hailed into federal court in Alabama, a state that he has never physically entered in the past, Alabama has an interest in protecting its citizens from fraud under its law.

Assertion of jurisdiction over Purmort is appropriate.[3]

---

[3] While the alleged fraud claim against Purmort may be difficult to prove, the court cannot, now, reach the merits of the claim.

6

In a conference of June 16, 1998, the plaintiff was granted time to conduct discovery and amend its complaint prior to this court's ruling on any motion to dismiss. On June 23, 1998, the plaintiff filed a motion for extension of time, which was granted, giving the plaintiff until June 30, 1998, to respond to the motion. The plaintiff has failed to amend its complaint, respond to Viking's motion or request additional time for whatever reason. Therefore, Viking's motion to dismiss the tort claims of the plaintiff will be GRANTED.

## Conclusion

For the foregoing reasons, Purmort's motion to dismiss will be DENIED. Viking's motion to dismiss and to amend complaint will be GRANTED. The tort claims against Viking will be DISMISSED, without prejudice. Plaintiff must file an amended complaint within ten (10) days.

This _26th_ day of August 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE